Anon.

## ANON.

If a *special motion* be not made at as early a day as with ordinary diligence it can be presented, an excuse must be shewn for the *laches*, notwithstanding the frequent recurrence of special motion days; and such excuse must be shewn by affidavit and served on the opposite party.

August 5th.

A question arose, whether under the new organization of the business of the court, allowing special motion days twice in each month, parties would be held to the same practice which has heretofore prevailed, requiring special motions to be made at the *earliest* day after the occurring of an irregularity or the happening of an event rendering an application to the court necessary?

Mr. Justice MARCY said, that though the court would be more indulgent than formerly in consequence of the frequent opportunities afforded for the dispatch of business of this kind, still, as they were desirous to prevent the accumulation of it, they would require an excuse to be shewn if motions were not made at as early a day as they might with ordinary diligence have been presented; which excuse must be shewn by affidavit, and served on the opposite party.

---

## ANON.

Service of papers on an *agent* is good, where the attornies for the adverse parties reside in different counties, although their residence is within 40 miles of each other.

August 5th.

A question arose as to the construction of the eighth rule of 1st January, 1830, whether a service of papers on an *agent* was good, where the attornies for the adverse parties resided within 40 miles of each other, but not in the same county.

Mr. Justice MARCY said, that though there might be doubt, whether such service would be good, according to a strict interpretation of the rule, yet that the court would hold it

good. The facility of communication between attornies residing in different counties being so much less, than where they reside in the same county, the convenience of parties required that service on agents in such cases should be holden good, and such construction would accordingly be given to the rule.

ALBANY,
August, 1830.
Jackson
v.
Leggett.

---

### Jackson, ex dem. Rogers, vs. Leggett.

Where there are several causes in the name of the same party against several defendants, in which the question is the same, and the evidence the same, and one is tried and the plaintiff nonsuited, who presents a bill of exceptions, and refuses to try the other causes, the defendants in the other causes are entitled to judgment as in case of nonsuit, unless the plaintiff pays the costs of the circuit, and stipulates that the causes remaining untried shall abide the event of the cause tried.

Motion for judgment as in case of nonsuit. This cause and another on the demise of the same lessor were noticed for trial at the last Saratoga circuit, and not tried; the plaintiff having before stipulated, the defendants now asked for judgment as in case of nonsuit. In resistance of the motion, it was shewn that a third cause depending on the same facts and principles of law had been tried, the plaintiff nonsuited, and a bill of exceptions tendered; and that the defendants in the other causes were told that the same would not be tried, and informed of the intention of the plaintiffs to apply to set aside the nonsuit, and it was insisted that until the determination of the question raised by the bill of exceptions, the plaintiff was not bound to proceed in these causes. In answer to which it was said, that to enable the plaintiff to avail himself of such objection, he should have paid the costs of the circuit, and stipulated that the causes remaining untried should abide the event of the cause tried.

August 5th.

*J. Mandeville,* for defendant.

*J. L. Viele,* for plaintiff.